UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
DAWN HAMELIN on behalf of herself and all
other employees similarly situated, et al.,

                       Plaintiffs,

      -v-                           6:08-CV-1219

FAXTON-ST. LUKE'S HEALTHCARE, et al.,

                       Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                      OF COUNSEL:

DOLAN, THOMAS & SOLOMON LLP     PATRICK J. SOLOMON, ESQ.
Attorneys for Plaintiffs              J. NELSON THOMAS, ESQ.
693 East Avenue                   JUSTIN M. CORDELLO, ESQ.
Rochester, NY 14607             MICHAEL J. LINGLE, ESQ.
                              SARA E. ROOK, ESQ.

BOND, SCHOENECK & KING, PLLC     JONATHAN B. FELLOWS, ESQ.
Attorneys for Defendants            R. DANIEL BORDONI, ESQ.
One Lincoln Center               SUBHASH VISWANATHAN, ESQ.
Syracuse, NY 13202-1355

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

      On March 16, 2009, Hon. David E. Peebles, United States Magistrate Judge,

entered a Decision and Order ("Order") as follows:  (1) approving an appended form notice,

information sheet, envelope, and consent form for plaintiffs' counsels' use in making

unsolicited contacts with potential opt-in plaintiffs; (2) directing the defendants to post the

notice on job site bulletin boards for sixty days preceding the end of the opt-in period; and (3)

prohibiting the parties and their counsel from unsolicited communications with potential opt-in

plaintiffs with the limited exceptions when the communication is initiated by the potential opt-in plaintiff and when a notice is returned due to mail delivery issues.

On March 30, 2009, plaintiffs timely filed objections to the Order pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and L.R. 72.1(b).  Specifically, plaintiffs objected to the portions of the Order which (1) restricted communications between plaintiffs and potential plaintiffs; (2) sua sponte revised the Notice form that was agreed to by the parties after much negotiation; and (3) allowed individuals to join the lawsuit only for the purpose of asserting a claim under the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. §§ 201-219, for unpaid meal breaks.  Defendants opposed plaintiffs' objections.  Plaintiffs replied.  Oral argument was heard on April 24, 2009, in Utica, New York.  Decision was reserved.

## II.  **BACKGROUND**

Plaintiffs brought this action alleging that defendants violated the FLSA.  In a nutshell the alleged violations are that plaintiffs and other similarly situated employees were required to work through meal breaks and to work overtime without compensation.  On January 26, 2009, Magistrate Judge Peebles granted plaintiffs' motion to certify the matter as a collective action pursuant to 29 U.S.C. § 216(b).  The putative plaintiff group was described as follows:

> All present and former hourly employees of Faxton-St. Luke's Healthcare and St. Luke's Home, including but not limited to registered nurses, licensed practical nurses, and certified nurses' assistants, with direct patient care responsibilities who have been subject to automatic meal break deductions through use of the Kronos system, and who have or may have worked through or during unpaid meal breaks without compensation at any time during the past three years.

(Jan. 26, 2009, Decision & Order, Doc. No. 66 at 29-30.)  Although the complaint alleges violations as to meal breaks and overtime, only meal breaks are included in the description of the putative plaintiff group.

The parties were directed to confer and attempt to agree upon the form of notice to be sent to each of the potential plaintiffs.  The parties agreed upon the form of the Notice,[1] Information Sheet, and Envelope.  However, the parties did not concur regarding an opt-in Consent Form.  Accordingly, plaintiffs and defendants each submitted a proposed consent form.

Additionally, defendants requested that constraints be put on plaintiffs and their counsel regarding communications with potential opt-in plaintiffs during the opt-in period.  Plaintiffs and their counsel opposed a prohibition on communication with potential opt-in plaintiffs as a violation of their First Amendment free speech rights.  Magistrate Judge Peebles held a telephone conference to address the parties' positions on the communication issue.  He also permitted additional briefing on this subject.  However, he did not hold a hearing.

Magistrate Judge Peebles approved the Information Sheet and Envelope as submitted by the parties.  However, he revised the agreed-upon Notice by removing the caption "United States District Court" from the first page, modified the "Do Nothing" section to highlight the statute of limitations and its potential impacts, added a background sentence, and changed the statement regarding attorneys fees and costs.  Magistrate Judge Peebles

---

[1]  Defendants assert in their opposition that the Notice was not agreed upon.  However, the Notice was agreed upon--it was the form for consent to opt in (called a Consent Form by Judge Peebles) about which the parties disagreed.  (See March 4, 2009, Text Minute Entry.)

approved a Consent Form that included a paragraph limiting opt-in plaintiffs to a cause of action relating to meal breaks and excluding any other cause of action alleged by the plaintiffs.

In addition to specifying the contents of the unsolicited communication to be sent to potential opt-in plaintiffs, Magistrate Judge Peebles prohibited communication with potential opt-in plaintiffs in all but two limited circumstances.  First, the Order permitted "[p]laintiffs or their agents [to] communicate with a potential opt-in plaintiff when the communication is initiated by such potential opt-in plaintiff, except that during such communication neither plaintiffs nor their counsel shall actively solicit the potential opt-in plaintiff to join this action, make any statements conflicting with the court authorized notice, or make misleading statements regarding the status or merits of the litigation."  (Order at 18.) The Order also permitted limited communication upon return of a notice resulting from mail delivery problems.  The Order stated:

> c) in the event that plaintiffs' counsel receives a returned notice resulting from an incorrect or insufficient address or other mail delivery issue, if plaintiffs' counsel desires to attempt direct contact with such potential opt-in plaintiff, counsel shall immediately notify defendants' counsel of the fact of the returned mail as well as the intent to make such direct contact, before the direct contact is attempted, in an effort to reach agreement regarding the manner in which efforts are to be made to locate the individual.

> d) If such direct contact is attempted by plaintiffs' counsel as authorized in paragraph (c) above, it shall be limited to the purpose of advising the potential opt-in plaintiff of the attempt to provide the court authorized notice and obtaining information from the potential opt-in plaintiff that will permit plaintiffs to provide such notice.  During such communication, neither plaintiffs nor their counsel shall solicit the potential opt-in plaintiff to join this action, make any statements conflicting with the court-authorized [notice], or make any misleading statements regarding the status or merits of the litigation.

Id.  These were the only two exceptions to the prohibition on communication.

## III.  STANDARD

The standard for review of a magistrate judge's decision on nondispositive matters is whether the magistrate judge's findings are "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  Clear error may be found "'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"  Stetz v. Reeher Enters., Inc., 70 F. Supp. 2d 119, 120-21 (N.D.N.Y. 1999) (McAvoy, C.J.) (quoting Vandewalker v. Quandt's Food Serv. Distribs., Inc., 934 F. Supp. 42, 48 (N.D.N.Y. 1996) (Pooler, J.)); see United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948).

## IV.  DISCUSSION

### A.  Prohibition on Communication

In prescribing a prohibition on unsolicited communication between the parties and potential opt-in plaintiffs, the Magistrate Judge reasoned that district courts have a duty as well as the authority to enter orders governing the conduct, including communications, of the parties and their counsel in order to prevent potential abuse.  (Order at 15.)  He also recognized that direct contact with potential plaintiffs may implicate the ethical prohibition against attorneys soliciting potential clients, and further the competing concern of plaintiffs that potential opt-in plaintiffs receive notice of the suit prior to the expiration of the opt-in period.  Id. at 15-16.  With these competing concerns in mind, the Magistrate Judge permitted limited communication with counsel when such communication was initiated by the potential opt-in plaintiff, and if a mail delivery issue prevented a potential opt-in plaintiff from

receiving the notice.  Id. at 18.  The content of the allowed communication under these exceptions was highly circumscribed.  Id. at 18-19.

Class actions, including a collective action brought pursuant to the FLSA, are complex litigations during which the district court's early involvement, including the notice process, is advisable.  See Hoffmann-La Roche Inc. v. Sperling, 492 U.S. 165, 169-71. 110 S. Ct. 483, 486-87 (1989) (applying § 216(b) of the FLSA in an Age Discrimination in Employment Act case as provided for in that statute).  Further, due to "the potential for abuse, a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." Gulf Oil Co. v. Bernard, 452 U.S. 89, 100, 101 S. Ct. 2193, 2200 (1981).

Orders limiting the communications of the parties and counsel fall within the purview of a district court managing a class action.  Id. at 101, 101 S. Ct. at 2200; see Hoffman-La Roche Inc., 492 U.S. at 486, 101 S. Ct. at 2200 (recognizing that trial court has substantial interest in mailed notices and communications with potential plaintiffs but not addressing these issue because they were not implicated in that case).  Where a trial court is contemplating prohibitions on communications between the parties and potential class members, specific findings must be made that weigh "the need for a limitation" on communication "and the potential interference with the rights of the parties."[2]  Gulf Oil Co., 452 U.S. at 101, 101 S. Ct. at 2200.  Moreover, the weighing process "should result in a carefully drawn order that limits speech as little as possible, consistent with the rights of the parties under the circumstances."  Id. at 102, 101 S. Ct. at 2201.  The court cannot restrict

---

[2]  The Court declined to reach the First Amendment argument, leaving that issue for a proper case with a fully developed record.  Gulf Oil Co., 452 U.S. at 101 n.15, 101 S. Ct. at 2200 n.15.

communications "without a specific record showing by the moving party of the particular abuses by which it is threatened."  Id.

The Order contains a blanket prohibition on communications between the parties, counsel, and potential opt-in plaintiffs, with extremely limited exceptions as set forth above. However, other than a generalized recitation of the law and a recognition, again generalized, of plaintiffs' interest in insuring receipt of the notice by potential plaintiffs, the Order lacks any specific weighing of competing interests.  There was no hearing.  The Order contains no mention of defendants, seeking to limit communications, making any showing of threatened abuses, except for the general ethical proscription against solicitations.  Although the general potential for abuses was noted, there were no actual abuses that occurred to justify the severe restrictions of communication.  But cf. Rossini v. Ogilvy & Mather, Inc.. 798 F.2d 590,602 (2d Cir. 1986) (upholding issuance of an order imposing restrictions on communication between the parties and potential plaintiffs where two hearings were held, both parties had committed abuses, and parties were offered an opportunity to request additional findings).  No findings of fact were made.  Moreover, the order permits, rather than limits, as little speech as possible.

Accordingly, the Magistrate Judge's Order containing the prohibition on communication is contrary to law and must be vacated.  Further, the matter will be remanded for the Magistrate Judge to conduct appropriate proceedings so that a carefully drawn order can be entered "that limits speech as little as possible, consistent with the rights of the parties under the circumstances."[3]  Id. at 102, 104, 101 S. Ct. at 2201, 2202.

---

[3]  In these circumstances, as in Gulf Oil Co., it is unnecessary to reach the First Amendment

(continued...)

### B.  Sua Sponte Changes to Notice

Plaintiffs object to the Magistrate Judge deleting "United States District Court" and replacing it with "Notice of Lawsuit with Opportunity to Join."  Although class action notices commonly have the court caption at the beginning of the notice sent to potential plaintiffs, it is not clearly erroneous or contrary to law not to include the court caption.  Accordingly, the plaintiff's objection as to this language will be overruled.

Plaintiffs also object to the addition of language regarding the potential for liability for costs and attorneys fees as well as damages on defendants' potential counterclaims.  In this regard, plaintiffs' counsel have stated "that they will advance all court costs and expenses of litigation and will not seek to recover such costs from plaintiffs."  Further, defendants have not asserted any counterclaims, concede that they have no intention of filing counterclaims, and do not object to removal of that language.  Therefore, inclusion of the language pertaining to potential liability of plaintiffs for costs and damages for potential counterclaims is misleading and it was clear error to approve a Notice including it.  Plaintiffs' objections on this point are well taken and the Magistrate Judge will be directed to approve a Notice using the language agreed upon by the parties.

### C.  Limit Opt-in Plaintiffs' Claims to Violations as to Meal Break

Magistrate Judge Peebles included a paragraph in the opt-in Consent Form limiting opt-in plaintiffs' claims to those for time worked during unpaid meal breaks.  The FLSA provides that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such

---

[3](...continued)
issue.  See 452 U.S. 101 n.15, 101 S. Ct. at 2201 n.15.

action is brought."  29 U.S.C. § 216(b).  This statutory language indicates that once a potential plaintiff opts in, that person is a party to the <u>action</u>, not just to a <u>claim</u>.  <u>See</u> <u>Prickett v. DeKalb County</u>, 249 F.3d 1294, 1297 (11th Cir. 2003) (per curiam).  In <u>Prickett</u>, multiple plaintiffs opted in and then the complaint was amended to add additional claims.  <u>Id</u>. at 1296. The <u>Prickett</u> Court rejected the District Court's theory that plaintiffs opted in only as to claims asserted before they opted in, and therefore needed to opt-in again after the new claims were asserted.  <u>Id</u>. at 1296-97.  Rather, the Eleventh Circuit found that "opt-in plaintiffs have the same status in relation to the claims of the lawsuit as do the named plaintiffs."  <u>Id</u>. at 1297; <u>see also</u> <u>Ansoumana v. Gristede's Operating Corp.</u>, 201 F.R.D. 81 (S.D.N.Y. 2001) (finding that supplemental state claims of plaintiffs who opted in under FLSA § 216(b) would not be dismissed because the opt-in plaintiffs "should have the same rights as the named Plaintiffs to have all their related claims adjudicated in the same forum").  The <u>Prickett</u> Court stated that the district court's legal conclusion that plaintiffs opted in only as to a claim (and not as to the entire action) was "not supported by the language of the statute, nor is it supported by any holding of this circuit or any other federal appeals court."  <u>Pricket</u>, 249 F.3d at 1297.  Notably, neither the Magistrate Judge nor the defendants cite any authority to support opt-in only as to a claim (in contrast to opt-in as to the <u>action</u>, including all of its claims).  Accordingly, the Magistrate Judge's determination that opt-in plaintiffs must be limited to seeking damages for a single claim, rather than as to all claims asserted in the action, is clearly erroneous and contrary to law.  The language in the Consent Form containing this limitation must be removed.

IV.  **CONCLUSION**

The prohibition on communication between the parties, their counsel, and potential opt-in plaintiffs as set forth in the Order is contrary to law.  Any restriction on communications must be carefully drawn to restrict speech as little as possible while curbing identified potential abuses.  It was not clear error to substitute the court caption with "Notice of Lawsuit and Opportunity to Join."  However, it was clear error to add language to the agreed-upon content of the Notice which warned potential plaintiffs of liability for costs, expenses, and damages when there is no potential for such liability.  Finally, opt-in plaintiffs become parties to the action and may seek damages for all asserted claims, just as the named plaintiffs may do.

Accordingly, it is

ORDERED that

1.  The Magistrate Judge's Order of March 16, 2006, is VACATED to the extent that it has been found to be clearly erroneous and/or contrary to law; and

2.  This matter is remanded to the Magistrate Judge for further proceedings as necessary for approval of a Notice and Consent Form consistent with this Memorandum-Decision and Order.

IT IS SO ORDERED.

United States District Judge

Dated: May 27, 2009
        Utica, New York.