UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
DAWN HAMELIN on behalf of herself and all
other employees similarly situated, et al.,

                                        Plaintiffs,

        -v-                                                6:08-CV-1219

FAXTON-ST. LUKE'S HEALTHCARE, et al.,

                                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                              OF COUNSEL:

DOLAN, THOMAS & SOLOMON LLP               PATRICK J. SOLOMON, ESQ.
Attorneys for Plaintiffs                  J. NELSON THOMAS, ESQ.
693 East Avenue                           JUSTIN M. CORDELLO, ESQ.
Rochester, NY 14607                       MICHAEL J. LINGLE, ESQ.
                                          SARA E. ROOK, ESQ.

BOND, SCHOENECK & KING, PLLC              JONATHAN B. FELLOWS, ESQ.
Attorneys for Defendants                  R. DANIEL BORDONI, ESQ.
One Lincoln Center                        SUBHASH VISWANATHAN, ESQ.
Syracuse, NY 13202-1355                   SUSAN MESSER, ESQ.

DAVID N. HURD
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

        Defendants Faxton-St. Luke's Healthcare and related entities and individuals

("defendants" or "Faxton-St. Luke's") moved for partial summary judgment dismissing certain

opt-in plaintiffs ("disputed plaintiffs") from this action.  Plaintiffs opposed and defendants

replied.  Oral argument was heard on March 24, 2010, in Utica, New York.  Decision was

reserved.

## II. **BACKGROUND**[1]

Disputed plaintiffs opted-in to this class action pursuant to a Notice and Consent Form in form and substance as directed by Magistrate Judge David Peebles.  (June 8, 2009, Order Doc. No. 103, appeal denied, Aug. 26, 2009, Order Doc. No. 139.)  The class has been preliminarily certified as follows:

> All present and former hourly employees of Faxton-St. Luke's Healthcare and St. Luke's Home, including but not limited to registered nurses, licensed practical nurses, and certified nurses' assistants, with direct patient care responsibilities who have been subject to automatic meal break deductions through use of the Kronos system, and who have or may have worked through or during unpaid meal breaks without compensation at any time during the past three years.

(Jan. 26, 2009, Order Doc. No. 66.)

Magistrate Judge Peebles set forth a procedure for review of improper opt-ins by the parties, concluding with defendant making a motion for partial summary judgment as to those allegedly improper opt-ins about which the parties could not agree.  In sum, there were twenty-six disputed plaintiffs about which the parties could not agree, the subjects of the current motion.

Prior to the hearing on this motion disputed plaintiff Kristine C. Kirby was voluntarily dismissed from this action.  Defendants contend that seventeen of the disputed plaintiffs left their employ more than three years prior to opting-in to this lawsuit, thus fall outside the class.  Defendants also assert that two of the disputed plaintiffs were never employed by them.  Of the remaining disputed plaintiffs, defendants argue that one disputed plaintiff was

---

[1]  Additional background is set forth in Hamelin v. Faxton-St. Luke's Health Care, No. 6:08-CV-1219, 2009 WL 2045326 (N.D.N.Y. May 27, 2009).

salaried rather than hourly and six disputed plaintiffs did not have direct patient care

responsibilities.

## III.  SUMMARY JUDGMENT STANDARD

Summary judgment must be granted when the pleadings, depositions, answers to

interrogatories, admissions and affidavits show that there is no genuine issue as to any

material fact, and that the moving party is entitled to summary judgment as a matter of law.

Fed. R. Civ. P. 56.  The moving party carries the initial burden of demonstrating an absence

of a genuine issue of material fact.  Id.  Then the nonmoving party "must set forth specific

facts showing that there is a genuine issue for trial."  Id.

## IV.  DISCUSSION

### A.  Work During Prior Three Years

It is undisputed that each of the disputed plaintiffs did not work for Faxton-St.

Luke's during the last three years prior to opting in, as follows:

| Disputed Plaintiff | Termination Date | Opt-in Date |
|---|---|---|
| Suzanne M. Almond | 9/22/2004 | 12/4/2008 |
| Jennifer L. Calenzo-Cyr | 11/24/2004 | 12/4/2008 |
| Pamela R. Durant (f/k/a Reed) | 7/22/2002 | 7/29/2009 |
| Darsel M. Excell | 8/20/2004 | 12/4/2008 |
| Lanalee S. Hall | 4/13/2000 | 12/4/2008 |
| Renee C. Kopek | 12/2/2003 | 12/5/2008 |
| Mary Louise Krecidlo | 10/21/2002 | 12/5/2008 |
| Julie A. Nichols | 10/18/2004 | 12/4/2008 |
| Kimm C. Riesel | 4/26/2004 | 12/4/2008 |
| Evelena Sponaugle | 4/16/1999 | 12/4/2008 |
| Roxanne J. Toczydlowski | 3/10/1999 | 12/4/2008 |
| Linda M. Ventura | 9/24/2003 | 12/4/2008 |
| Sarah A. Wnuk (f/k/a Bullivant, Wengert) | 4/2/1999 | 12/4/2008 |
| Jeannine B. Damon | 9/25/1998 | 12/4/2008 |
| Lisa A. Fletcher | 7/16/2004 | 12/4/2008 |
| Debra A. Mosca | 6/24/2005 | 12/4/2008 |
| Karie L. Pederson | 5/26/2006 | 8/3/2009 |

The class was certified as direct patient care workers who "worked through or during unpaid meal breaks without compensation <u>at any time during the past three years</u>." (Jan. 26, 2009, Order Doc. No. 170 (emphasis added).)  Thus, based upon the undisputed facts that none of these disputed plaintiffs, excpet Karie L. Pederson ("Pederson"), worked for defendants during the past three years, they necessarily fall outside the certified class and must be dismissed.[2]

Pederson worked for defendants during the past three years from January 26, 2009, the date the class was certified.  Thus, she falls within the description of the class.  However, the motion for summary judgment as to her will be denied without prejudice to renew upon close of discovery.

### B. <u>Never Employed by Defendants</u>

Defendants set forth sworn testimony from defendant Anthony Scibelli ("Scibelli"), Vice President of Human Resources and Support Services, that Faxton-St. Luke's has no records of employment for Daniel Knapp ("Knapp") and Vicki Lodge ("Lodge").    (Scibelli Aff. ¶ 10 Doc. No. 164-2.)

---

[2]  It is noted that plaintiffs argue equitable estoppel and tolling.  It is unnecessary to address these doctrines as the motion is resolved because the disputed plaintiffs fall outside the class.  Furthermore, plaintiffs did not appeal the Order certifying the class to assert equitable estoppel and tolling.  Rather, plaintiffs raised equitable estoppel and tolling in a later appeal of the Magistrate Judge's decision of June 8, 2009, restricting unsolicited communications with putative class members.  (Pltfs.' 6-11-09 Mem. at 8-12 Doc No. 105.)  With this argument plaintiff sought to toll the statute of limitations from January 26, 2009, when the class was certified to the time when notice was actually issued.  Thus, it is only now after years of litigation that plaintiff essentially seeks to set aside the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, statute of limitations.  This is inapposite now that the class has been certified as those who worked during meal breaks without being paid at any time during the last three years.

Again, at issue is whether the disputed plaintiffs qualify as class members.  The statute of limitations is a separate question.  Disputed plaintiffs who do not qualify as class members in this collective action may bring a separate FLSA action and argue that there is no statute of limitations bar due to equitable estoppel and/or tolling.

Faxton-St. Luke's put forth as an undisputed fact that "Knapp has never worked for" defendants.  (Defts.' Statement of Material Facts (hereinafter "Defts.' SMF") ¶ 15 Doc. No. 164-3.)  In response, plaintiffs contend that a lack of discovery prevents them from knowing of Knapp's employment and points to Lodge's affirmation.  Knapp could have sworn in an affirmation that he worked for defendants and when in order to create a genuine issue of material fact.  He did not do so.  Additional discovery would not remedy his failure to put forth evidence as to him particularly.  Further, pointing to another disputed plaintiff's affirmation is insufficient to create a question of fact as to him.  Therefore, Knapp must be dismissed as a plaintiff in this action.

Faxton-St. Luke's also put forth as an undisputed fact that "Lodge has never worked for" defendants.  (Defts.' SMF ¶ 21 Doc. No. 164-3.)  Lodge testified by sworn affirmation that she worked for Faxton-St. Luke's in the 1980's and at Heritage Health Center from 1995 until May 2001.  (Lingle Aff. Ex. I ¶ 2 Doc. No. 173-1.)  An affirmation that she was in fact employed by defendants would be sufficient to create a question of fact as to that employment.  However, defendants have submitted evidence that Faxton-St. Luke's was not formed until 1999.  (Soja Decl. ¶ 6 & Ex. A Doc. No. 178-2.)  Further, even if Faxton-St. Luke's existed in the 1980's and Lodge was employed there, that employment could not have been during the past three years before she opted in to this lawsuit, which was filed in 2008.  Additionally, defendants have submitted evidence that Heritage Health Center is unaffiliated with defendants.  Id. ¶ 7.  Finally, even if she was employed in 2001 with an affiliate of defendants, as with her employment in the 1980's, it could not have been during the past three years before she opted in to this lawsuit, which was filed in 2008.  Thus, Lodge does not fall within the definition of the class and must be dismissed from this suit.

### C.  Salaried

The certified class covered "hourly employees."  (Jan. 26, 2009, Order Doc. No. 66.)  Defendants also set forth sworn testimony from Scibelli that Charleen A. Ryan ("Ryan") was a salaried employee, not an hourly employee, and therefore falls outside the class. (Scibelli Aff. ¶¶ 1, 3 Doc. No. 164-2.)  This is also set forth by defendants as a material fact that is not in dispute.  (Defts.' SMF ¶ 14 Doc. No. 164-3.)   No affidavit or affirmation from Ryan was submitted.  Plaintiffs' response to the defendants' purported undisputed facts regarding Ryan was to seek further discovery and to point to the affirmations of two other disputed plaintiffs' who contend that they were misclassified.  (Pltfs.' Resp. Statement of Material Facts (hereinafter "Pltfs.' Resp. SMF") No. 14 Doc. No. 172-1.)  Ryan could have submitted a sworn affirmation to create a genuine issue of fact, but failed to do so.  Again, additional discovery would not cure the failure of Ryan herself to put forth evidence.  The affirmations of two other disputed plaintiffs are insufficient to create a genuine issue of material fact as to Ryan.  Thus, defendants are entitled to summary judgment dismissing Ryan.

### D.  Not Direct Patient Care

The certified class included those employees "with direct patient care responsibilities."  (Jan. 26, 2009, Order Doc. No. 66.)  According to defendants, Ricardo Carillo, Jr. ("Carillo"); Angela I. Haley ("Haley"); Patricia M. Hines ("Hines"); Jaime Sandoval ("Sandoval"); Regina N. Delmonico ("Delmonico"); and Jill A. Lynch ("Lynch") did not have direct patient care responsibilities.  They have set forth evidence that Carillo was a Service Response Center Representative; Haley was a Nutrition Services Aide; Hines was an Office

Assistant; Sandoval was a Patient Registrar; Delmonico was an Environmental Services Aide; and Lynch was a Food Service Worker.  (Defts.' SMF ¶¶ 16-20, 29 Doc. No. 164-3.)

In response, plaintiffs submitted a sworn affirmation from Sandoval who described her job as Patient Registrar as gathering information from patients and conducting bedside registration.  (Lingle Aff. Ex. B ¶ 3 Doc. No. 173-1.)  Sandoval stated that her "duties included patient care and I would often end up with patient's bodily fluids on me due to my close contact with the patients." Id. ¶ 4.  This is sufficient to create a question of fact as to whether Sandoval had direct patient care responsibilities.

Plaintiffs further submitted a sworn affirmation from Lynch describing her position as a Nutritional Services Aide. Id. Ex. Q.  She stated that she "prepared and delivered the necessary food and drink to patients in their rooms on a regular basis." Id. ¶ 4.  Preparing and delivering food and drink to patients cannot be considered direct patient care.  Lynch has failed to create a genuine issue of fact with regard to whether she has direct patient care responsibilities.  Thus, she must be dismissed as a plaintiff.

As to Carillo, Haley, Hines, and Delmonico, no affidavit or affirmation from them was submitted.  Plaintiffs again seek further discovery and point to the affirmations of other disputed plaintiffs who defendants argued did not have responsibility for direct patient care. Yet again, additional discovery would not remedy the failure of these disputed plaintiffs to put forth evidence as to their own job duties, and affirmations from others is insufficient to create a genuine issue of material fact as to them.

Sandoval has put forth sufficient evidence to create a genuine issue of fact and she will not be dismissed.  However, Lynch, Carillo, Haley, Hines, and Delmonico did not create an issue of fact and they will be dismissed.

## IV. <u>CONCLUSION</u>

None of the seventeen listed plaintiffs, except Pederson, were employed by defendants during the three years prior to opting in to this lawsuit.  Therefore, they fall outside the certified class and will be dismissed.  Disputed plaintiffs Knapp and Lodge also fall outside the certified class for not meeting the employed in the last three years requirement (including that they may never have worked for defendants).

Ryan failed to create a genuine issue of material fact as to whether she was misclassified as a salaried employee.  Thus, because she is not an hourly employee, she does not meet the requirements of the class.

Sandoval submitted sufficient evidence to create a genuine issue of fact as to whether her job duties included direct patient care responsibility.  However, Carillo, Haley, Hines, Delmonico, and Lynch failed to create an issue of fact as to whether they held positions involving direct patient care.  Consequently, they are not included in the class definition and must be dismissed.

Accordingly, it is ORDERED that

1. Defendants' motion for partial summary judgment is GRANTED in part and DENIED in part;

2.  SUZANNE M. ALMOND, JENNIFER L. CALENZO-CYR, PAMELA R. DURANT (F/K/A REED), DARSEL M. EXCELL, LANALEE S. HALL, RENEE C. KOPEK, MARY LOUISE KRECIDLO, JULIE A. NICHOLS, KIMM C. RIESEL, EVELENA SPONAUGLE, ROXANNE J. TOCZYDLOWSKI, LINDA M. VENTURA, SARAH A. WNUK (F/K/A BULLIVANT, WENGERT), JEANNINE B. DAMON, LISA A. FLETCHER, DEBRA A. MOSCA, DANIEL KNAPP, VICKI LODGE, CHARLEEN A. RYAN, RICARDO CARILLO, JR., ANGELA

I. HALEY, PATRICIA M. HINES, REGINA N. DELMONICO, and JILL A. LYNCH are DISMISSED from this action;

      3.  JAIME SANDOVAL remains a plaintiff in this action; and

      4.  KARIE L. PEDERSON remains a plaintiff in this action subject to a future motion by defendants.

      IT IS SO ORDERED.

_____
United States District Judge

Dated: March 26, 2010
       Utica, New York.