IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

DAWN HAMELIN, *et al.,*


                    Plaintiffs,

                                              Civ. Action No.
                                              5:08-CV-1219 (DNH/DEP)

          v.


FAXTON ST. LUKE'S HEALTHCARE,
 *et al.,*

                    Defendants.

_____

APPEARANCES:                          OF COUNSEL:

FOR PLAINTIFFS:

DOLIN, THOMAS LAW FIRM                J. NELSON THOMAS, ESQ.
693 East Avenue                       PATRICK SOLOMON, ESQ.
Rochester, NY  14607                  JUSTIN M. CORDELLO, ESQ.
                                      MICHAEL J. LINGLE, ESQ.
                                      SARA E. ROOK, ESQ.


FOR DEFENDANTS:

BOND, SHOENECK & KING, PLLC           JONATHAN B. FELLOWS, ESQ.
One Lincoln Center                    DANIEL BORDONI, ESQ.
Syracuse, NY  13202                   SUBHASH VISWANATHAN, ESQ.

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

Currently at issue in this action, which was commenced by named

plaintiffs Dawn Hamelin, Rakiesha Griffin and Julie Flint asserting a variety of claims including, *inter alia*, alleged violations of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201 *et seq.*, is an application by the defendants seeking dismissal of claims brought by certain opt-in plaintiffs who have failed to provide interrogatory responses despite two court orders directing them to do so.  For the reasons set forth below, I recommend that the motion be granted.

I.      BACKGROUND

        Plaintiff commenced this action against defendant Faxton-St. Luke's Healthcare and various other allegedly inter-related entities, asserting a combination of federal and state law claims.  Among them was an FLSA cause of action centering upon defendants' meal break deduction policy and the automatic payroll deduction protocol through which it has been implemented.  Plaintiffs argue that that policy and practice, in combination with chronic understaffing and expectations of administrators  that employees be available, including during meal breaks, to tend to patient care demands, has resulted in defendants' failure to properly compensate their hourly employees.

        After filing suit, plaintiff sought certification of the case as a

collective action, pursuant to 29 U.S.C. § 216(b).  That application was granted and, following provision of notice to potential opt-in plaintiffs, many of them have joined in the action.[1]

As is not atypical in such FLSA collective actions, the parties presented the court with a dispute over whether, and if so to what extent, defendants should be permitted to engage in limited discovery with regard to the opt-in plaintiffs.  After briefing and a hearing regarding the dispute, I issued an order on November 23, 2009 permitting the defendants to serve a limited, designated set of interrogatories upon each of the opt-in plaintiffs and directing that they be answered within sixty days of the date of service. *See* Dkt. No. 159.  Those interrogatories were subsequently served on November 30, 2009.  *See* Fellows Decl. (Dkt. No. 192-1) ¶ 5.

Despite the issuance of that order, several of the opt-in plaintiffs who were subsequently served with the court approved interrogatories failed to provide responses to defendants' counsel.  As a result defendants moved seeking dismissal of claims on behalf of those opt-in plaintiffs.  Dkt. No. 192.  That application resulted in my issuance of an

---

[1]  An application by plaintiffs seeking broader class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure has been made, and remains pending before District Judge David N. Hurd.

3

order on May 27, 2010, directing that the recalcitrant opt-in plaintiffs provide responses to defendants' interrogatories within thirty days of the date of the order and notifying them that in the event of their failure to do so a report and recommendation would be issued to District Judge David N. Hurd recommending that any non-complying plaintiff be dismissed from the action, with prejudice.  Dkt. No. 217.

By letter dated July 2, 2010 defendants' counsel has advised the court that forty-seven of the opt-in plaintiffs in this action have persisted in their failure to respond to plaintiffs' interrogatories.[2]  Dkt. No. 230. Plaintiffs' counsel has not actively opposed the request for dismissal of those non-complying opt-in plaintiffs, other than to request that the court not dismiss the claims of certain opt-in plaintiffs with whom they have been unable to communicate by mail.  *See* Dkt. No. 227.

II.    DISCUSSION

A.    Motion For Sanctions

Defendants' motion implicates both Rule 37(b) of the Federal Rules of Civil Procedure, and the court's inherent authority and overarching

---

[2]    That letter also advised that a small number of the opt-in plaintiffs have provided incomplete interrogatories and that the attorneys for the parties are conferring in good faith in an effort to resolve any dispute regarding those plaintiffs.

power under Rule 41(b) of the Federal Rules of Civil Procedure, which provides the court with discretion to dismiss a plaintiff's complaint for failure to prosecute or based upon a failure to comply with a legitimate court order.

### 1.    The Court's Inherent Authority

"[C]ourts may turn to their inherent powers, which are innate to [their] creation to impose respect for [their] lawful mandates." *La Grande v. Adecco*, No. 1:03-CV-1453, 2006 WL 2806402, at *7 (N.D.N.Y. Sept. 28, 2006) (Sharpe, J. and Treece, M.J.) (citing *United States v. Seltzer*, 227 F.3d 36, 39-42 (2d Cir. 2000)).  It is axiomatic that a party to an action pending in a federal district court, whether a plaintiff or defendant, is required to comply with legitimate court directives and to participate in scheduled proceedings, including status conferences and discovery.  *Hall v. Flynn*, 829 F.Supp. 1401, 1403 (N.D.N.Y. 1993) (citations omitted); *see also New York v. Gleave*, 189 F.R.D. 263, 268 (W.D.N.Y. 1999) (citing *Cerruti 1881 S.A. v. Cerruti, Inc.*, 169 F.R.D. 573, 582-83 (S.D.N.Y. 1996)).  The failure of a party to fulfill this obligation provides a basis for the striking of the offending party's pleadings and the entry of appropriate corresponding relief.  *Hall*, 829 F.Supp. at 1403; *see also Doyle v.*

5

*Anderson,* No. 02-CIV. 3572, 2004 WL 63484, at *1 (S.D.N.Y. Jan. 13, 2004) (dismissing complaint where plaintiff failed, *inter alia*, to appear for scheduled status conference, to attend deposition, and to respond to discovery requests); *Lindsey v. Loughlin*, 616 F.Supp. 449, 453 (E.D.N.Y. 1985) (McLaughlin, D.J. & Scheindlin, M.J.) (dismissing complaint based upon plaintiff's failure to prosecute the action where he last contacted the court with his address change upon release from prison and subsequently failed to appear for a status conference scheduled by the court).

The court's inherent authority to strike a party's pleading may be exercised *sua sponte*.  See *Hall*, 829 F. Supp. at 1403; *Lindsey v. Loughlin*, 616 F.Supp. at 453 (quoting *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89 (1962)) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").  In the present action, the non-responding opt-in plaintiffs' refusal to comply with orders of this court would justify *sua sponte* dismissal of their claims.  Such *sua sponte* action is not necessary, however, since defendants have moved pursuant

6

to Rule 37(b), affirmatively seeking the sanction of dismissal with

prejudice as a result of plaintiff's refusal to comply with the court's

discovery orders.

>2.   Rule 37(b)

The provision governing a party's failure to obey a court discovery

order provides for an array of available sanctions to be awarded, in the

court's discretion, ranging in severity up to and including dismissal of an

action in the case of a recalcitrant plaintiff.  Fed. R. Civ. P. 37(b)(2)(A);

*see Gissinger v. Yung*, Nos. 04-CV-534 (CBA)(JO), 04-CV-5406

(CBA)(JO), 2006 WL 1329697, at *4-5 (E.D.N.Y. May 16, 2006).[3]  The

----

[3]   Rule 37(b), under which the pending motion is brought, provides in relevant part, that

> [i]f a party . . . fails to obey an order to provide or to permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders.  They may include the following:

>> (i)  directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

>> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from

decision as to which of those available sanctions should be awarded in the event of a party's failure to comply with a legitimate discovery order, is a matter entrusted to the sound discretion of the court. *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir. 1991). The court's broad discretion to impose sanctions pursuant to Rule 37(b)(2) is limited only by the requirement, expressly stated in the rule, that the sanction selected be "just" and that it relate to the particular claim to which the discovery order was addressed. *Insurance Corp. of Ireland v. Compagnie*

introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

8

*des Bauxites*, 456 U.S. 694, 707, 102 S.Ct. 2099, 2106 (1982).  The determination of whether a sanction is just must be weighed in light of the record as a whole.  *Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1068 (2d Cir. 1979).

In deciding which of the available sanctions under Rule 37(b) to award, some courts have looked for guidance to cases decided under Rule 41(b).  *See, e.g.*, *Banjo v. United States*, No. 95 Civ. 633, 1996 WL 426364, at *5 (S.D.N.Y. July 29, 1996) ("[I]t is appropriate to be guided by those factors which courts consider before dismissing a case under Rule 41(b) prior to dismissing the case under Rule 37."); *Almonte v. Coca-Cola Bottling Co. of New York*, 169 F.R.D. 246, 249 n. 4 (D. Conn.1996) ("[T]he factors for dismissal under Rule 41(b) are helpful in considering a dismissal under Rule 37.").  The propriety of a Rule 41(b) dismissal for failure to comply with an order of the court and/or for failure to prosecute is informed by five relevant factors, including

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately

9

considered a sanction less drastic than dismissal. *See Shannon v. Gen. Elect. Co.*, 186 F.3d 186, 193 (2d Cir. 1999) (failure to prosecute action) (citation and internal quotation marks omitted).

The court has already determined that in order to permit them to adequately defend in this action, defendants are entitled to the basic information sought in the court-ordered interrogatories.  Despite the fact that those interrogatory responses were pursuant to the court's initial order five months ago, and a second order was issued directing compliance and advising of the likelihood of dismissal in the event of non-compliance, the forty-seven opt-in plaintiffs now at issue have disregarded the court's directives and their responsibility to provide legitimate discovery in connection with their claims.[4]

The prejudice to the defendants in not being able to garner the basic information regarding these plaintiffs through the interrogatories is manifest.  The interrogatories were authorized in order to permit the defendants to gain information concerning the specific circumstances surrounding plaintiffs' claims of working through meal breaks without

---

[4]   While the plaintiffs in this action have appealed several of my rulings in the case, no appeals were taken from the orders directing the opt-in plaintiffs to provide limited discovery in this action.

compensation.  Defendants are significantly handicapped in their ability to

defend the claims with regard to those forty-seven opt-in plaintiffs by not

having the information sought, a factor which militates heavily in favor of

dismissal.  *See Odle v. City of New York*, No. 09-CV-2881, 2010 WL

1528548, at * 2 (E.D.N.Y. Mar. 26, 2010) (citing *Shannon v. General Elec.*

*Co.*, 186 F.3d 186, 195 (2d Cir. 1999)) (other citation omitted).

Another important factor in the dismissal calculus is the need of the

court to both manage its docket and preserve the integrity of its orders.

This is a factor that also weighs strongly in favor of dismissal.  As

previously noted, the plaintiffs' conduct has resulted in a delay of this

action, having failed to respond to defendants' interrogatories for six

months and having ignored two court directives.

Given the circumstances of this case, I find that no sanction short of

dismissal is warranted.  *See Valentine v. Museum of Modern Art*, 29 F.3d

47, 50 (2d Cir.1994) (per curiam) ("The severe sanction of dismissal with

prejudice may be imposed even against a plaintiff who is proceeding *pro*

*se*, so long as a warning has been given that noncompliance can result in

dismissal."); *Minotti v. Lensink*, 895 F.2d 100, 103 (2d Cir. 1990) (per

curiam) (" 'all litigants, including *pro ses*, have an obligation to comply with

11

court orders' ") (quoting *McDonald*, 850 F.2d at 124).  The opt-in plaintiffs'

refusals to provide standard discovery has caused delay, required court

intervention, increased defendants' costs, and prejudiced them in their

ability to defend against the plaintiffs' claims.  Having ignored not only the

warnings but orders of this court, the non-complying opt-in plaintiffs have

left the court with no alternative but to recommend dismissal of their FLSA

claims.  In sum, I find ample basis to recommend that the court grant the

relief now sought in defendants' motion, and conclude that the

recommended sanction would be just given the defendant's unexcused

and longstanding defiance of the court's discovery order.

### 3.   Rule 41(b) Dismissal For Failure To Prosecute

Plaintiffs' inaction in this case also implicates Rule 41(b) of the

Federal Rules of Civil Procedure, which provides that a court may, in its

discretion, dismiss an action based upon the failure of a plaintiff to

prosecute the action or comply with any order of the court.  *Link*, 370 U.S.

at 629-30, 82 S. Ct. at 1388.  This power to dismiss may be exercised

when necessary to achieve orderly and expeditious disposition of cases.

*See Freeman v. Lundrigan*, No. 95-CV-1190, 1996 WL 481534, at *1

(N.D.N.Y., Aug. 22, 1996) (Pooler, J.) (citing *Rodriguez v. Walsh*, No. 92-

Civ-3398, 1994 WL 9688, at *1 (S.D.N.Y., Jan. 14, 1994) (other citations omitted)).

As was previously noted, the propriety of a Rule 41(b) dismissal for failure to comply with an order of the court and/or for failure to prosecute is informed by five relevant factors.[5]  *See Shannon v. Gen. Elect. Co.*, 186 F.3d at 193; *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) (failure to comply with order of court) (citations omitted).  In deciding defendants' Rule 37 motion, I have already carefully evaluated the five factors considered by the Second Circuit in reviewing Rule 41(b) dismissals and have found that these factors weigh decidedly in favor of dismissal. Accordingly, for the same reasons set forth above, dismissal pursuant to Rule 41(a) is also warranted.

III.   SUMMARY AND RECOMMENDATION

Undeniably the courts, including the United States Court of Appeals for the Second Circuit, have historically expressed a preference for resolving litigated matters based upon relative merit, rather than on the basis of a procedural or technical default.  *See, e.g. Enron Oil Corp. v. Diakuhara,* 10 F.3d 90, 95-96 (2d Cir. 1993); *Meehan v. Snow*, 652 F.2d

---

[5]        *See* pp. 12-22, *supra*.

274-277 (2d Cir. 1981). Nonetheless, courts have a countervailing vested interest in insuring compliance with legitimately issued orders, including those pertaining to discovery. *See Bambu Sales, Inc. v. Ozak Trading, Inc.,* 58 F.3d 849, 853-54 (2d Cir. 1995).  As the Second Circuit has pertinently noted, in approving the striking of the answer and the entry of default judgment against a party based upon its failure to provide required discovery, "discovery orders are meant to be followed. 'A party who flouts such orders does so at his peril'. . .. Defendants rolled the dice on the district court's tolerance for deliberate obstruction, and they lost.  We have no intention letting them return to the table. 'If one suggests that our decision today is strong medicine, that is precisely what it is intended to be'". *Id.* (citing and quoting *Update Art, Inc. v. Modiin Publishing, Ltd.,* 843 F.2d 67, 73 (2d Cir. 1988)).

Here the non-compliant plaintiffs have disobeyed not only the initial order permitting the service of court approved interrogatories and directing the response to those discovery demands within sixty days,  but an additional subsequent court order reiterating the directive and advising that dismissal was a likely result of  non-compliance.  Under these circumstances and based upon the foregoing, it is hereby respectfully

RECOMMENDED that defendants' motion for dismissal of all claims of the forty- seven named opt-in plaintiffs who have failed to answer court approved interrogatories (Dkt. No. 230) be GRANTED, and that the following plaintiffs' claims against the defendants in this action be DISMISSED subject to their right, should class certification be GRANTED, to participate as class members in the action if deemed appropriate by the court:

| | |
|---|---|
| 1. Jessica Aiello | 24. Laura M. Inman |
| 2. Gayle A. Bankert | 25. Diane Jordan |
| 3. Courtney M. Berberick | 26. William E. Jweid |
| 4. Kimberly R. Bonvicino | 27. Renee Koppany-Minasov |
| 5. Michael L. Calabrese | 28. Donna Misiaszek - Antzak |
| 6. Nancy W. Conway | 29. Shilo Morreale |
| 7. Cynthia R. Curtis | 30. Stella D. Paladino |
| 8. Regina N. Delmonico | 31. Ashley M. Price |
| 9. Valecia C. Digristina | 32. Cheryl A. Rappa |
| 10. Frank C. Druse, III | 33. Jacqueline C. Ruggiero |
| 11. Nancy J. Elsenbeck | 34. Charleen A. Ryan |
| 12. Darsel M. Excell | 35. Timothy J. Shepherd |

13. Jennifer L. Flanders          36. Cynthia L. Stark

14. Cynthia A. Gardner           37. Brenda L. Stefanski

15. Bethany George               38. Nicole M. Banas

16. Deanna Gotte                 39. Julie A. M. Furgison

17. Lisa Gulla                   40. Phyllis A. Gary

18. Angela I. Haley              41. Cecilia Guantero

19. Kathleen M. Haley            42. John R. Mason

20. Sara K. Hargrave             43. Joan D. Parvi

21. Alicia L. Harvey             44. Patricia Postal

22. Patricia M. Hines            45. Susan L. Seymour

23. Elizabeth A. Howe            46. Charmaine Williams

                                 47. Daniel Knapp

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report.  FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P.  6(a), 6(d), 72; *Roldan v. Racette,* 984 F.2d 85 (2d Cir. 1993).

It is hereby ORDERED that the clerk of the court serve a copy of

this report and recommendation upon the parties in accordance with this

court's local rules.

Dated:      July 19, 2010
            Syracuse, NY          _____
                                  David E. Peebles
                                  U.S. Magistrate Judge