**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **DAWN HAMELIN, RAKEISHA GRIFFIN** AND **JULIE FLINT,** *on behalf of themselves and all other employees similarly situated,*<br><br>*Plaintiff*,<br><br>v.<br><br>**FAXTON-ST. LUKE'S HEALTHCARE, et al.,**<br><br>*Defendants.* | Civil Action No.<br>No. 08-CV-1219(DNH/DEP) |

**MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION**
**FOR PRELIMINARY APPROVAL OF SETTLEMENT**

2151844.3

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................. 1

FACTUAL BACKGROUND .................................................................................... 2

    I.      PROCEDURAL HISTORY .................................................................. 2

    II.     THE TERMS OF THE SETTLEMENT ................................................ 5

          A.     The Proposed Settlement Classes ........................................... 5

          B.     Settlement Amount .................................................................. 5

          C.     Release of Claims ................................................................... 6

ARGUMENT .............................................................................................................. 6

          A.     This Court Should Grant Preliminary Approval of the Settlement ............ 6

               1.     The Settlement Is Fair, Reasonable and Adequate as to the Proposed Settlement Classes ............................................... 7

                    a.     Arms-Length Negotiation By Experienced Trial Counsel. .................................................................. 8

                    b.     The Likelihood of Success Balanced Against the Relief Offered by the Agreement ....................................... 8

                    c.     The Complexity, Expense, and Likely Duration of Litigation ............................................................... 9

                    d.     The Public Interest Weighs in Favor of Approving the Settlement .......................................................... 9

          B.     This Court Should Approve the Notice Packet ......................... 9

          C.     This Court Should Set A Date For A Final Approval Hearing ................ 11

CONCLUSION ......................................................................................................... 13

2151844.3

## PRELIMINARY STATEMENT

Plaintiffs Dawn Hamelin, Rakeisha Griffin and Julie Flint ("Named Plaintiffs") instituted this action against Defendants Faxton-St. Luke's Healthcare, Faxton-Sunset-St. Luke's Health Care Center, Inc., Keith A. Fenstemacher, Anthony Scibelli, Faxton Nurses Alumni Association, Inc., Faxton-Sunset-St. Luke's Foundation, Faxton-Sunset-St. Luke's Health Related Facility and Nursing Home, Inc., Mohawk Valley Network, Inc., Healthfriends, Inc., Harding Nursing Home LLC, St. Luke's Home Residential Health Care Facility, Inc., St. Luke Residential Health Care Facility, MVN Enterprises, Inc., Network Data System, LLC, Network Data Systems, Inc., Senior Network Health, LLC, VHA Empire State, LLC, Hospice & Pallative Care, Inc., Visiting Nurse Association of Utica and Oneida County, Mohawk Valley Home Care, L.L.C., Mohawk Valley Heart Institute, Inc., Faxchil Realty, Inc., Faxton Leasing, LLC, Faxton-St. Luke's Healthcare Foundation, Faxton Hospital, Inc. and Faxton-St. Luke's Healthcare 401K Plan (collectively, "Faxton-St. Luke's")[1] (together the "Parties"), asserting claims under the Fair Labor Standards Act ("FLSA"), New York Labor Law, and the Employee Retirement Income Security Act ("ERISA").

There is no question that this settlement represents a fair, reasonable and adequate resolution of this case. Both sides in this case are represented by experienced and able counsel, and the settlement, totaling $1,500,000, is the product of years of litigation, including conditional certification under the FLSA, extensive discovery, Rule 23 certification, and a petition to the

---

[1]  Defendants St. Luke Residential Healthcare Facility, Faxton-Sunset-St. Luke's Health Care Center, Inc., Faxton-Sunset-St. Luke's Foundation, Faxton-Sunset-St. Luke's Health Related Facility and Nursing Home, Inc., Hospice & Palliative Care, Inc., VHA Empire State, LLC, Harding Nursing Home, LLC, Healthfriends, Inc., MVN Enterprises, Inc., Network Data Systems, Inc., Mohawk Valley Heart Institute, Inc., Faxton Leasing, LLC, Faxton-St. Luke's Healthcare Foundation, and Centrex Clinical Laboratories, Inc. were voluntarily dismissed from the action.  *See* Docket Nos. 27, 48, 61, 68, 71, 248 and 271.  Neither Faxton-Sunset-St. Luke's Foundation nor Faxton Hospital, Inc. answered or otherwise appeared in the action.

Second Circuit Court of Appeals for leave to file an interlocutory appeal of the District Court's

Order certifying Plaintiffs' Rule 23 class.  The parties reached their settlement following

extended, arms-length negotiations spanning many years, including two mediation sessions

before a nationally respected mediator, and it is a fair, reasonable, and adequate resolution of all

claims in this matter.  Moreover, for purposes of settlement, the proposed class meets all the

requirements of Fed.R.Civ.P. 23(a) and (b)(3), which is applicable to settlement classes.  The

parties' proposed Notice Packet will provide Class Members with the best notice practical under

the circumstances and allow for a full and fair opportunity to consider the settlement.  As such,

this Court should grant the parties' motion in its entirety.

Through this joint motion, the parties seek preliminary approval of their settlement to this

action.  In particular, the parties respectfully move this Court for:

1. Preliminary approval of the parties' Settlement Agreement, Release & Waiver ("Settlement Agreement" or "Agreement") (*See* Exhibit B, attached to the Declaration of Patrick J. Solomon, sworn on May 23, 2013 ("Solomon Decl."));

2. Approval of the parties' Notice of Parties' Proposed Settlement (attached as Tab C to the Agreement), and Consent to Join and Claim Form (attached as Tab D to the Agreement) (collectively, the "Notice Packet"), and

3. The establishment of dates for a Fairness Hearing and for related events.

The parties respectfully submit a proposed Preliminary Approval Order with this motion.

## **FACTUAL BACKGROUND**

### I.   **PROCEDURAL HISTORY**

The Named Plaintiffs originally commenced this action on November 13, 2008.  The

Named Plaintiffs purported to bring the FLSA claims asserted in the Action as a collective action

pursuant to 29 U.S.C. § 216(b) and all other claims in the action as a class action pursuant to

Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and other current and former employees who worked for Defendants as hourly employees. The Named Plaintiffs alleged that they and the members of the purported FLSA collective class and Rule 23 class were not paid their regular and statutorily required rate of pay for all hours worked and were not paid at time and one-half for hours they worked over 40 in a week. On the basis of their allegations, the Named Plaintiffs demanded damages including unpaid compensation, interest and penalties. The Named Plaintiffs also made claims pursuant to ERISA.

Following the commencement of the action, the parties engaged in early motion practice involving Plaintiffs' Motion for Conditional Certification of the FLSA collective class. See Docket No. 46. On January 26, 2009, this Court granted that motion in part and certified a subclass of "[a]ll present and former hourly employees. . . with direct patient care responsibilities who have been subject to automatic meal break deductions through the use of the Kronos system, and who have or may have worked through or during unpaid meal breaks without compensation at anytime during the past three years." See Docket No. 170. By Order, the parties were permitted to engage in Phase I discovery related to the Named Plaintiffs' motion for Rule 23 certification. See Docket No. 255. During discovery, the parties exchanged interrogatories, including for opt-ins in the FLSA collective action, and produced some electronic discovery. See Solomon Decl. at ¶¶ 5-6. On March 8, 2011, pursuant to Rule 23, the Court certified a "Meal Break Deduction Class" of "all current and former[] hourly employees of defendants from November 13, 2002, to present whose pay was subject to an automatic 30 minute deduction but were not afforded a bona fide meal period of at least 30 minutes." Hamelin v. Faxton-St. Luke's Healthcare, 274 F.R.D. 385, 404 (N.D.N.Y. 2011). Following the District Court's March 8, 2011 Order, the Defendants moved the Second Circuit Court of Appeals for leave to file an

interlocutory appeal of the District Court's March 8, 2011 Order certifying the Plaintiffs' "Meal Break Deduction" class.  Solomon Decl. ¶ 8.  In February 2012, the Second Circuit denied the Defendants' motion for leave to file an interlocutory appeal.  Solomon Decl. ¶ 9.

The parties engaged Al Feliu, a private mediator who is well-respected in the field of employment law, to engage in negotiations for an amicable resolution to this Action.  Solomon Decl. ¶¶ 12-13.  After two separate mediations, and months of additional exchanges, the parties reached a resolution and ultimately reached an agreement as set forth in the  parties' Settlement Agreement, Release & Waiver ("Settlement Agreement" or "Agreement").  Solomon Decl. ¶ 13.

The parties are of the opinion that the Agreement is fair, reasonable and adequate.  In reaching an agreement, Class Counsel has analyzed and evaluated the merits of the claims made against Defendants in the litigation and the impact of the Agreement on the Named Plaintiffs, the Opt-In Plaintiffs, and the Rule 23  Class Members (as defined in the Settlement Agreement and referred to as the "Settlement Classes").  Solomon Decl. ¶ 15.  Specifically, Class Counsel has considered factors such as substantial risks of continued litigation and the possibility that the case, if not settled now, might result in a recovery (or adverse judgment) several years from now that is less favorable to  the Named Plaintiffs and the Settlement Classes than that offered by the Settlement Agreement.  Solomon Decl. ¶ 16.  In light of such considerations, Class Counsel is satisfied that the terms and conditions of the settlement are fair, reasonable and adequate and that the settlement is in the best interests of the Named Plaintiffs and the Settlement Classes.  Solomon Decl. ¶ 17.

In addition, Class Counsel has fully advised the  Named Plaintiffs of the Agreement, who approves of the settlement. Solomon Decl. ¶ 18.

## II.     THE TERMS OF THE SETTLEMENT

### A.     The Proposed Settlement Classes

The parties have agreed that in addition to the Named Plaintiffs Dawn Hamelin, Rakeisha Griffin, and Julie Flint, the Proposed Settlement Classes include the "Collective Class" and the "Rule 23 Class" as defined in the parties' Settlement Agreement.  The Collective Class includes a) the individuals who have previously filed consents to join the Action and who have not been dismissed (the "Opt-In Plaintiffs") and b) all individuals who timely return a valid and effective Claim Form containing a consent to join the Action and who worked for any of the Defendants as an Hourly Employee at any time from November 13, 2002 through the date of entry of the Preliminary Approval Order.  The Rule 23 Class includes all individuals who worked for any of the Defendants as an Hourly Employee between November 13, 2002 and the date of entry of the Preliminary Approval Order.  *See* Agreement, § 3.

### B.     Settlement Amount

Under the terms of the Settlement Agreement, Defendant Faxton-St. Luke's Healthcare agrees to pay a total sum not to exceed one million, five hundred thousand dollars ($1,500,000)("Total Settlement Amount") for all payments to be made under the Agreement.  *Id.* at § 4(a).  The payments will be administered by an independent and experienced third-party settlement administrator, Rust Consulting, Inc. (the "Settlement Administrator").  The Total Settlement Amount is designed to cover all claims for back pay and liquidated/statutory damages available under each applicable law, but includes a credit for Faxton-St. Luke's for meal break cancellations. Further,  service payments will be made to Named Plaintiffs of five-thousand dollars ($5,000.00) each as well as one-hundred dollars ($100.00) to any Opt-In Plaintiff who previously joined the action (provided he or she was not dismissed and does not opt-out). *See* Agreement, § 6.

In addition, the amount will include Class Counsel's attorneys' fees and costs up to thirty-three percent (33%) of the total fund, subject to Court approval. The settlement fund will also be responsible for paying the full amount of the costs of notice and settlement administration, the full amount of W-2 withholdings (and state/local withholdings if applicable) on payments to be made to Claimants under the Agreement, any employer share of payroll taxes on the payments to be made to Claimants, and the Plaintiffs' mediation fees and costs. *See* Agreement, § 4.

### C.    Release of Claims

Under the terms of the Agreement, Named Plaintiffs Dawn Hamelin, Rakeisha Griffin, and Julie Flint, and any individual who previously filed a consent to join the Action (and was not dismissed) and  does not opt out of the Parties' Settlement, as well as individuals who timely return a valid and effective Claim Form, and all individuals who worked for any of the Defendants as an Hourly Employee during the Class Period and do not opt-out of the Settlement, will release certain claims, subject to approval of this Court and as further set forth in Section 15 of the Parties' Settlement Agreement.

### <u>ARGUMENT</u>

### A.    This Court Should Grant Preliminary Approval of the Settlement

The settlement of the claims of the Settlement Classes is fair, reasonable, and adequate. As such, this Court should approve settlement. Given that this Court has already granted Rule 23 class certification, the requirements for a settlement class have already been found to have been met in this case.  Thus, the only open issue before the Court is whether the settlement should receive preliminary approval.

1.     **The Settlement Is Fair, Reasonable and Adequate as to the Proposed Settlement Classes**

Because the Rule 23 Class meets all requirements of Rule 23(a) and (b)(3) for settlement purposes, and because a class has already been certified, the Court should conditionally approve the parties' settlement of the claims of the Class. *See* Fed.R.Civ.P. 23(e) (providing that a "class action shall not be dismissed or compromised without the approval of the court") [2]. A court's review of a proposed class action settlement is a "two-step process." *In re Nasdaq Market-Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997). Initially, the court decides whether the settlement should be provisionally approved and, if so, "notice is given to the class members of a hearing, at which time class members and the settling parties may be heard with respect to final court approval." *Id.* At the provisional approval stage – the present stage in this matter – the court's review is relatively lenient. *See, e.g., Bourlas v. Davis Law Assocs.*, 237 F.R.D. 345, 355 n.7 (E.D.N.Y. 2006). The court need only "determine whether the proposed settlement is within the range of possible approval." *Gautreaux v. Pierce*, 690 F.2d 616, 621 n.3 (7th Cir. 1982) (internal citations and quotations omitted); *see also In re Prudential Sec. Inc. Ltd. P'ships*, 163 F.R.D. 200, 209 (S.D.N.Y. 1995) (noting that the court's first-stage analysis consists of a review for "obvious deficiencies"). Where no facial deficiencies exist, and the settlement appears to be the product of arms-length negotiations, preliminary approval should be granted:

> Where the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval, preliminary approval is granted.

---

[2]     Similar to the claims subject to Rule 23, the Court need only determine whether the settlement is fair for the FLSA claims. *See, e.g., Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352-53 (11th Cir. 1982) (waiver of FLSA claims is appropriate if "entered as part of a stipulated judgment approved by the court after scrutinizing the settlement for fairness."). For the reasons set forth herein, the settlement is a fair, reasonable and adequate resolution of all claims in this case.

*Nasdaq Market-Makers*, 176 F.R.D. at 102; *see also D'Amato v. Deutsche Bank,* 236 F.3d 78, 85 (2d Cir. 2001) (court approving fairness, adequacy, and reasonableness of a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery)

Under these standards, this Court should preliminarily approve the Parties' settlement of the claims in this case.

> **a.     Arms-Length Negotiation By Experienced Trial Counsel.**

As an initial matter, and set forth above, the proposed Agreement was reached after some discovery, motion practice, and extensive negotiations involving competent and experienced counsel for the parties.  The settlement negotiations themselves were extensive and took place at arms' length, without collusion – fully preserving the integrity of the adversarial process.

In this context, after carefully weighing all the evidence in the well-developed record, as well as Faxton-St. Luke's potential defenses, Class Counsel has determined that the proposed settlement is in the best interest of the class members.  Particularly under these circumstances, the informed judgment of counsel is entitled to great deference.  Such factors strongly militate in favor of approval of the settlement.

> **b.     The Likelihood of Success Balanced Against the Relief Offered by the Agreement.**

The Plaintiffs recognize that the viability of Plaintiffs' claims and the likelihood that Class Members will recover a full or even significant recovery is unpredictable.  As noted above, Faxton-St. Luke's has legal and factual defenses it would vigorously assert during the course of what would likely be a protracted and extended litigation.  Nevertheless, Faxton-St. Luke's has agreed to a settlement that provides for an unquestionably substantial monetary payment.

2151844.3

Accordingly, the substantial relief obtained by Plaintiff's Counsel likewise weighs in favor of approving the settlement.

### c. The Complexity, Expense, and Likely Duration of Litigation.

Assuming no settlement had been reached, significant merits and expert discovery would be required prior to any trial of this matter.  Summary judgment briefing would likely follow and if the claims survived summary judgment, also a trial that would likely involve the expenditure of significant resources by all involved.  And, regardless of who prevailed at trial, appeals would likely follow.  In short, ultimate resolution of the claims would be a long, arduous process requiring significant expenditures of time and money on behalf of both the Parties and the Court. The prospect of such litigation weighs in favor of the settlement.

### d. The Public Interest Weighs in Favor of Approving the Settlement.

The public interest generally favors the resolution of litigation through compromise. Courts have noted that "[t]here is a strong public interest in quieting any litigation; this is particularly true in class actions." *Bourlas*, 237 F.R.D. at 355 (internal citations omitted).  As such, "[c]lass action suits readily lend themselves to compromise because of the difficulties of proof, the uncertainties of the outcome, and the typical length of the litigation." *Id.*  In this case, and for all the foregoing reasons, the proposed class action settlement of the claims is in the best interests of the class members and the public, and it should be approved.

### B. This Court Should Approve the Notice Packet

This Court should likewise approve the Notice Packet (Agreement at Tabs C and D) that the Parties have proposed be directed to the Class Members.  Specifically, under FED.R.CIV.P. 23(e), courts must "direct notice in a reasonable manner to class members who

would be bound by a proposed settlement." FED. R. CIV. P. 23(e)(1).  The notice standard is satisfied here.

The notice provided to members of a class certified under Rule 23(b)(3) must be the "best notice practicable under the circumstances." FED.R.CIV.P. 23(c)(2)(B).  "Normally, settlement notices need only describe the terms of the settlement generally."  *In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (citing *Handschu v. Special Servs. Div.*, 787 F.2d 828, 833 (2d Cir. 1986)).  As such, notice is satisfactory if it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Id.* (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).  Moreover, notice that is mailed to each member of a settlement class "who can be identified through reasonable effort" constitutes reasonable notice. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 176 (1974).

In this case, the form and the manner of the Notice Packet, including the Notice of Parties' Proposed Settlement (*see* Agreement, Tab C), have been negotiated and agreed upon by all counsel.  The Notice  Packet will inform all Class Members, among other things, of the nature of the Action, the terms of the Settlement, and the right to object to the Settlement.  The Notice Packet also includes a Consent to Join and Claim Form, which is attached to the Agreement as Tab D.

The Parties propose that, upon entry of an Order granting this Motion, the Notice  Packet shall issue.  *See* Agreement, § 9.  The third-party claims administrator will mail a copy of the Notice  Packet to the last known address of each Class Member as their name appears in Faxton-St. Luke's records.  *Id.* at § 9(a).  The Notice  Packet will be sent by first class mail.  *Id.* The claims administrator will take all reasonable steps to obtain the correct address of any Class

2151844.3

Members for whom the notice is returned by the post office as undeliverable.  *Id.*  Further, the Parties propose that, under the plan outlined above, the Class Members will have until 45 days after the mailing of the Notice Packet to consider the proposed Settlement and opt out of the Settlement, and submit objections.  *Id.* at § 9(b).

The foregoing plan provides the best notice practical under the circumstances and will provide Class Members a full and fair opportunity to consider the terms of the proposed Agreement and make a fully informed decision on whether to participate, to object, or to opt out of the Settlement.

**C.** **This Court Should Set A Date For A Final Approval Hearing**

The following schedule sets forth the agreed-upon sequence of the relevant dates and deadlines (as further set forth in Section 9 of the Parties' Settlement Agreement), assuming the Court preliminarily approves the Settlement.

| | |
|---|---|
| Deadline for mailing of Notice  Packet to Class Members ("Mailing Deadline") | Within 14 days after the Court grants Preliminary Approval of the Parties' proposed Settlement, Defendants must provide Administrator class data; within 14 days of the Administrator's receipt of the class data, Administrator will mail the Notice Packet on instruction of the Parties |

2151844.3

| | |
|---|---|
| Deadline for submission of objections | Within 45 days from the mailing of the Notice  Packet |

| | |
|---|---|
| Deadline for submission of Claim Forms and opt-out statements | Within 45 days from the mailing of the Notice Packet |

| | |
|---|---|
| Administrator shall notify defendants of total amount to be paid into Escrow Account (as defined in Settlement Agreement) | Within 7 days after Effective Date (as defined in Settlement Agreement) |

| | |
|---|---|
| Administrator shall distribute the Claim Amounts by mailing checks, less applicable taxes and withholdings | Within 10 business days of payment of funds into Escrow Account |

| | |
|---|---|
| Administrator shall pay Class Counsel's court approved fees and costs | Within 1 business day of payment of funds into Escrow Account |

2151844.3

## CONCLUSION

For the foregoing reasons, this Court should grant the instant Motion and grant:

(1) preliminary approval of the Settlement Agreement; (2) approval of the parties' Notice Packet;

and (3) an Order setting dates for a Fairness Hearing, as set forth in the proposed Preliminary

Approval Order respectfully submitted herewith.

Dated: May 23, 2013

**BOND, SCHOENECK & KING, PLLC**       THOMAS & SOLOMON LLP

*/s/ Jonathan B. Fellows*                          /s/ Patrick J. Solomon
Jonathan B. Fellows, Esq.                          Patrick J. Solomon, Esq.
Bar Roll No. 101628                                Bar Roll No. 2716660
Suzanne M. Messer, Esq.                            Guy A. Talia, Esq.
Bar Roll No. 514398                                Bar Roll No. 2790491
Counsel for Defendants                             Thomas & Solomon LLP
One Lincoln Center                                 Counsel for Plaintiffs
Syracuse, NY 13202                                 693 East Avenue
Telephone: (315) 218-8000                          Rochester, NY 14607
Fax: (315) 218-8100                                Telephone:     585.272.0540
fellow@bsk.com                                     Facsimile:     585.272.0574
messers@bsk.com                                    psolomon@theemploymentattorneys.com
                                                   gtalia@theemploymentattorneys.com

2151844.3